IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Angelique Akins, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| DECA Financial Services, LLC, an Indiana limited liability company, | ) 1:10-cv-1631 TWP -DML |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Angelique Akins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) both Plaintiff and Defendant reside here.

### PARTIES

3. Plaintiff, Angelique Akins ("Akins"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Forum Credit Union.

4. Defendant, DECA Financial Services, LLC ("DECA"), is an Indiana limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, DECA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. On April 27, 2009, Ms. Akins filed a Chapter 7 bankruptcy petition in a matter styled In re: Akins, S.D. Ind. Bankr. No. 09-05675-AJM-7. Among the debts listed on Schedule F of Ms. Akins' bankruptcy petition was a debt she allegedly owed to Forum Credit Union. See, excerpt of bankruptcy petition attached as Exhibit A.

6. On April 29, 2009, Forum Credit Union was sent, via e-mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit B.

7. Moreover, on August 17, 2009, Ms. Akins received a discharge from her debts, including the Forum Credit Union debt, from the bankruptcy court, and Forum Credit Union was sent, via e-mail, notice of the discharge that same day, see, Discharge of Debtor, which is attached as Exhibit C.

8. Nonetheless, DECA sent Ms. Akins a collection letter, dated November 24, 2010, demanding payment of the debt she had owed to Forum Credit Union prior to the bankruptcy. A copy of this collection letter is attached as Exhibit D. Moreover, Defendant DECA was aware that the account at issue was subject to a bankruptcy. See, December 6, 2010 letter to DECA from Ms. Akins's attorney, attached as Exhibit E.

9. All of Defendant DECA's collection actions at issue in this matter occurred within one year of the date of this Complaint.

10. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Not Owed

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

13. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

14. Defendant DECA's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA –
## Communicating With A Consumer Represented By Counsel

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

17. Defendant DECA, and the creditor, Forum Credit Union, were given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with the debt at issue. By directly writing to Ms. Akins, despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

18. Defendant DECA's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Angelique Akins, prays that this Court:

1. Find that Defendant DECA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Akins, and against Defendant DECA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Angelique Akins, demands trial by jury.

Angelique Akins,

By: _____
One of Plaintiff's Attorneys

Dated: December 16, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 W. Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com